

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

DEC 27 1996

AT_____O'CLOCK_____
GEORGE A. RAY, CLERK
BINGHAMTON

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

        v.

BRIAN E. GABRIEL,

               Defendant.

MISC. ACTION NO.: _3802_

**STIPULATION OF CONSENT
JUDGMENT AND ORDER**

    IT IS HEREBY STIPULATED by plaintiff, UNITED STATES OF
AMERICA, by and through its attorney Thomas J. Maroney, United
States Attorney for the Northern District of New York, Robert P.
Brouillard, of counsel, and Defendant, BRIAN E. GABRIEL, as
follows:

    1.  The parties agree to a Consent Judgment in this action
against Defendant, BRIAN E. GABRIEL, upon the terms stated
herein.

    2.  Defendant, BRIAN E. GABRIEL, consents to judgment in the
United States District Court for the Northern District of New
York in favor of the United States of America for the sum of
$33,035.73, without interest.

    3.  In consideration for the Defendant's agreement and
consent to said judgment, Plaintiff hereby waives the surcharge
for the costs of processing and handling this litigation in the
amount of ten percent (10%) of the total debt as provided by 28
U.S.C. 3011.

4.  During the term of any period of probation or supervised
release imposed upon Defendant pursuant to his conviction under
Criminal Action No. 93-CR-184, during which Defendant is making
periodic payments towards the criminal restitution order issued
thereunder pursuant to a payment agreement with the U.S.
Probation Department, payments under this judgment shall be
waived.  The judgment amount herein shall be reduced by the total
of all future payments after November 6, 1996.  The United States
Attorney's Office may periodically review the dollar amount of
the periodic payments so as to base them on the defendant's
finances.  For the purpose of this review, Defendant will submit
to Plaintiff current and accurate evidence of Defendant's assets,
income, liabilities and expenditures.  Defendant must submit said
financial information to the United States Attorney's Office
within thirty (30) days after a written request is made for such
information.

5.  Defendant agrees to inform the United States Attorney's
Office in writing of any material change in financial situation
or ability to pay, and of any change in employment, place of
residence or telephone number.  The Defendant further agrees to
provide such information to the United States Attorney, Financial
Litigation Unit, P.O. Box 7198, 900 Federal Building, Syracuse,
New York 13261-7198.

6.  Upon Defendant's release from probation or supervised
release under Criminal Action No. 93-CR-184, any existing
agreement with the U.S. Probation Department regarding payment of
the criminal restitution order shall become incorporated as a

term of this agreement, without any accrual of interest, insofar as it specifies the amount and frequency of payments due.  The financial information required in paragraph 4 above will continue to be provided upon request.  Plaintiff may require an increase in the dollar amount of the Defendant's scheduled payments if the Defendant's household financial condition so warrants as determined by the Plaintiff, and Defendant will inform the plaintiff of any material increase or decrease in the defendant's income, financial condition, or employment status.

7.  Plaintiff will record an Abstract of this judgment in the records of the County Clerk's office in the county of the Defendant's residence, and any and all other counties in which the Defendant has either real or personal property, as a lien thereon.  Said Abstract will not describe in any manner the criminal offense(s) giving rise to the Order of restitution in the above-referenced action, which is the basis of this judgment.

8.  Defendant understands and agrees that Plaintiff may offset any Federal income tax refund to which Defendant may be entitled now or in the future and apply the same to Defendant's judgment debt.

9.  Plaintiff agrees that, upon payment in full, a Satisfaction of Judgment shall be prepared by Plaintiff and filed with the United States District Court and with the appropriate Clerk of any county in which this judgment or any abstract thereof has been filed.

10.  The remaining debt balance may be prepaid by Defendant at any time without penalty.

11.   Defendant agrees not to seek discharge of said judgment in any subsequent petition in bankruptcy, except to the extent that criminal restitution or debts attributable to fraud may be discharged under the laws of bankruptcy in effect at the time such petition may be filed.

12.   Defendant acknowledges that he is entering into this Stipulation of Consent Judgment voluntarily and of his own free will and that his consent is not given in exchange for or as a condition of any promise of leniency in connection with the sentence imposed by the Court in criminal action 93-CR-184.

13.   Defendant agrees that he owes the United States of America the sum of $33,035.73, through November 6, 1996, as explained below, and that judgment may be entered accordingly. This amount reflects credits for any and all payments made to the United States to date.

14.   This Consent Judgment is for a debt justly due to the United States as a result of Defendant's participation in a scheme to defraud the United States, through the U. S. Postal Service, by way of embezzlement, and is evidenced by the Judgment In A Criminal Case entered in this Court on March 7, 1994, Criminal Action No. 93-CR-184, as a result of Defendant's conviction for violating Title 18, United States Code, Section 641.

15.   The undersigned have read each paragraph of this Stipulation and agree and consent to the foregoing terms contained hereinabove.

Dated:  November 6, 1995

THOMAS J. MARONEY
United States Attorney
P. O. Box 7198
900 Federal Building
Syracuse, New York 13261-7198
(315) 448-0672

By:  _R P Brouillard_
Robert P. Brouillard
Assistant U. S. Attorney
Bar No.:  507607

Dated:  November 12, 1996

_Brian E Gabriel_
BRIAN E. GABRIEL
Defendant

SO ORDERED:
X Dated: 14/26/96
Binghamton, New York

_Thomas J McAvoy_
CHIEF UNITED STATES DISTRICT JUDGE

* These documents were presented
to me on 12/26/96
    JMcA